**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2635
_____


BETTY CAULER,
                                        Appellant

v.

LEHIGH VALLEY HOSPITAL, INC.,
d/b/a Lehigh Valley Hospital & Health Network


_____


On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(District Court No.:  15-cv-01082)
District Judge:  Honorable Lawrence F. Stengel
_____


Submitted under Third Circuit LAR 34.1(a)
on April 8, 2016


(Filed: June 20, 2016)


Before:  FISHER, COWEN and RENDELL, <u>Circuit Judges</u>.

———————

O P I N I O N*

———————

**RENDELL**, Circuit Judge:

Betty Cauler, a former temporary employee assigned to work at Defendant Lehigh Valley Hospital, Inc., d/b/a Lehigh Valley Hospital and Health Network ("Lehigh Valley"), appeals the District Court's grant of Lehigh Valley's Motion to Dismiss under Rule 12(b)(6) and its denial of Cauler's Motion for Reconsideration, which sought leave to amend her initial complaint. Cauler's complaint alleged that Lehigh Valley did not hire her full time because of her age, and that she was terminated from the temporary staffing agency that facilitated the assignment in retaliation for complaining about the alleged age discrimination to a supervisor. We will affirm the District Court's orders.[1]

Cauler worked for Aaron Resources, a temporary staffing agency, that assigned her to work at Lehigh Valley as a temporary part-time Standardized Patient/Simulation Technician beginning in February 2011. In June 2012, Lehigh Valley sought a full-time Simulation Technician. Cauler told her supervisor, Deborah Arnold, that she intended to apply for the position. Arnold "told her she should not apply." (App. 28a). Cauler alleged in the complaint that Arnold "sabotaged her application because Arnold wanted a younger employee for the job." (App. 29a). Cauler applied for, but did not get, the

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5. We have jurisdiction under 28 U.S.C. § 1291.

2

Simulation Technician position. Lehigh Valley hired a "substantially younger" employee. (App. 30a). After Cauler was told she did not get the position, she complained to Arnold's supervisor. Cauler was terminated from her position in August 2012.

Cauler filed a complaint in District Court on May 3, 2015. The complaint alleged that Lehigh Valley discriminated against her and retaliated against her in violation of the Age Discrimination and Employment Act (ADEA). Lehigh Valley filed a Motion to Dismiss the complaint pursuant to Rule 12(b)(6). Cauler replied to the motion and did not seek to amend her complaint. After the District Court dismissed the complaint, Cauler filed a Motion for Reconsideration seeking to amend her complaint. The District Court denied her motion.

*First*, the District Court properly dismissed Cauler's complaint for failure to state a claim upon which relief could be granted. "We exercise plenary review over the grant of a motion to dismiss." *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013), *as amended* (May 10, 2013). The prima facie case for failure-to-hire due to age discrimination under the ADEA requires a plaintiff to show (1) she is forty years of age or older; (2) she is qualified for the position in question; (3) she was not selected for the position; and (4) circumstances giving rise to an inference of discrimination accompanied the failure to hire. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). The District Court recognized that, although Cauler need not demonstrate all of the elements of the prima facie case, she must "raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d

3

224, 234 (3d Cir. 2008) (internal quotation marks omitted). She did not do so in her initial complaint.

As recognized by the District Court, Cauler can satisfy the first three elements—she was over forty years old, was not selected for the position, and, viewing the facts in the light most favorable to Cauler, was qualified for the position. However, we agree that the allegation in the complaint that a "substantially younger" person was hired does not give rise to an inference of discrimination. Not only is it simply a bare contention, "substantially younger" is a legal conclusion, not a factual allegation on which an inference could be based. Cauler fails to allege facts, such as facts about comparator applicants, that would support an inference of discrimination.

The prima facie case for retaliation under the ADEA requires a plaintiff to show (1) she engaged in a protected activity; (2) she was subject to an adverse action; (3) there was a causal connection between the protected activity and the adverse action. *Fasold v. Justice*, 409 F.3d 178, 188 (3d Cir. 2005). Regarding protected activity, the complaint simply alleges that Cauler "complained" about age discrimination to Arnold's supervisor. The adverse action requirement is similarly murky because the complaint focuses on her termination from her employer Aaron Resources, not Lehigh Valley, the entity allegedly engaged in employment discrimination. She sets forth no facts to support the causal connection between her discrimination complaint and her later termination; rather, she alleges that "Defendant terminated Plaintiff *solely because Plaintiff applied for* the . . . position . . . after Deborah Arnold told her not to apply." (App. 31a) (emphasis added). The District Court ultimately dismissed the retaliation claim on the grounds that Cauler

4

was an employee of Aaron Resources, not Lehigh Valley, and consequently could not pursue a retaliation claim against Lehigh Valley under the ADEA. *See E.E.O.C. v. Zippo Mfg. Co.*, 713 F.2d 32, 35 (3d Cir. 1983). We agree. The District Court further reasoned, that if, *arguendo*, Lehigh Valley was Cauler's employer, dismissal remained proper because the allegations in the complaint are too conclusory to survive a motion to dismiss. We also agree.

*Second*, the District Court did not abuse its discretion when it denied Cauler's Motion for Reconsideration and failed to *sua sponte* grant Cauler leave to amend her complaint. The District Court identified the proper standard for motions for reconsideration: a party must "show[] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Because Cauler did not cite intervening authority or point to previously unavailable facts, the District Court had to "guess" at Cauler's rationale—a manifest error of law. The District Court correctly found no error. Moreover, the District Court did not err when it did not, *sua sponte*, afford Cauler the opportunity to amend. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252–53 (3d Cir. 2007) (establishing that district courts must *sua sponte* grant plaintiffs leave to amend only in civil rights cases). Cauler had the opportunity to seek leave to file an amended complaint prior to the District Court's

5

dismissal; the District Court did not abuse its discretion by not, on its own, affording her an additional opportunity.

We find the District Court's analysis to be correct in all respects and will therefore affirm its dismissal of Cauler's complaint and denial of her motion for reconsideration.